[Criminal No. 396.   Filed February 25, 1916.]

[155 Pac. 301.]

# WILLIAM STANSBURY, Appellant, v. STATE, Respondent.

1. INTOXICATING LIQUORS—CRIMINAL PROSECUTIONS—INFORMATION.—An information for introducing intoxicating liquor into the state need not allege that it was introduced for a purpose other than personal use or that it was not for personal use.

2. CRIMINAL LAW—APPEAL—RECORD—QUESTIONS PRESENTED.—Where the reporter's transcript of the testimony is not certified to by the trial judge as correct, the evidence is not before the supreme court.

3. INTOXICATING LIQUORS—OFFENSES—INTRODUCING LIQUOR INTO STATE. It is not unlawful to introduce intoxicating liquors into the state for one's own personal use.

4. INTOXICATING LIQUORS—CRIMINAL PROSECUTIONS—QUESTIONS FOR JURY.—In a prosecution for introducing liquor into the state, the question whether the accused brought it into the state for his personal use is one of fact for the jury.

APPEAL from a judgment of the Superior Court of the County of Cochise.   Alfred C. Lockwood, Judge.   Reversed and remanded, with instructions to grant new trial.

Mr. J. T. Kingsbury and Mr. H. E. Pickett, for Appellant.

Mr. Wiley E. Jones, Attorney General, Mr. Leslie C. Hardy and Mr. Geo. W. Harben, Assistant Attorneys General, and Mr. John H. Campbell and Mr. S. L. Kingan, Associate Counsel, for the State.

ROSS, C. J.—The appellant was charged with introducing intoxicating liquors into the state of Arizona contrary to law. He demurred to the information, challenging the constitutionality of the prohibition amendment to the Arizona Constitution, and also upon the ground that the information did not negative that the intoxicating liquor was brought into the state for his personal use.   The demurrer was overruled.   He was tried by a jury and a verdict of guilty was returned.

The specifications of error are that the court erred in overruling the demurrer and in the giving of certain instructions

and the refusal to give certain requested instructions. The court did not commit error in overruling the demurrer. The information contained all the essential facts necessary to constitute the crime of unlawfully introducing intoxicating liquor into the state. In *Sturgeon* v. *State, ante,* p. 513, 154 Pac. 1050, just decided, we held that it was not necessary to set forth in the information that it was introduced for a purpose other than personal use, or that it was not for personal use.

The court instructed the jury that, even though they should "believe from the evidence that the defendant introduced the liquor for the sole purpose of drinking it, or using it for his own personal use, and without any purpose or intent whatever to dispose of, give away, barter, exchange or sell the said liquor in any manner whatsoever," still the jury would be justified in finding the defendant guilty. The evidence submitted to the jury is not before us, for the reason that the reporter's transcript of the testimony is not certified to by the trial judge as correct, as the law requires it should be. But we think that the instruction excepted to is fundamentally wrong—it does not state the law. Since this instruction was given by the learned judge, it has been decided by this court that it is not unlawful to introduce intoxicating liquors into the state for one's own personal use. *Sturgeon* v. *State, supra.*

The question as to whether the appellant brought the liquor into the state for his personal use is a question of fact to be submitted to and passed upon by the jury, and, if sustained by the evidence in the case, is a proper and legal defense. The jury should have been so informed by the instructions of the court. The requested instruction which was refused by the court was the converse of the instruction given and a correct expression of the law, and therefore should have been given.

The judgment is reversed and the case remanded, with directions that appellant be granted a new trial.

FRANKLIN and CUNNINGHAM, JJ., concur.