[Criminal No. 408. Filed June 26, 1916.]

[158 Pac. 451.]

CHARLES C. ROLLER, Appellant, v. STATE, Respondent.

INTOXICATING LIQUORS — OFFENSE — UNLAWFULLY INTRODUCING LIQUOR INTO STATE.—In a prosecution for unlawfully introducing into the state intoxicating liquors, the fact that such liquors were intended for defendant's own use may be shown as a defense.

APPEAL from a judgment of the Superior Court of the County of Pima. Wm. F. Cooper, Judge. Reversed and remanded.

Mr. A. A. Worsley and Mr. D. M. Penny, for Appellant.

Mr. Wiley E. Jones, Attorney General, for Respondent.

PER CURIAM.—The appellant was informed against under the prohibition amendment of the Constitution; the charge being that he unlawfully introduced intoxicating liquors into the state of Arizona. His defense was that he introduced the liquor for his own use. Upon the trial the court refused to recognize that defense, and instructed the

jury, in effect, that it made no difference for what purpose appellant introduced it, and told the jury, even though they found from the evidence that it was introduced for his own use, that that would be no defense. Since the trial in the lower court it has been determined that the law recognizes such a defense. *Sturgeon* v. *State*, 17 Ariz. 513, 154 Pac. 1050; *Stansbury* v. *State*, 17 Ariz. 535, 155 Pac. 301; *Godfrey* v. *State, ante,* p. 34, 155 Pac. 966.

Because of the court's error, the case is reversed and remanded for a new trial.

Authorities on the question of power to prohibit or restrict one's using intoxicating liquor or having the same in his possession for his own use are reviewed in a note in 24 **L. R. A. (N. S.) 173.**